# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELON BAPTISTE WARD,<br><br>Plaintiff,<br><br>v.<br><br>CSATF CORRECTIONS AGENT OFFICER A. LARIOS,<br><br>Defendant. | Case No. 1:23-cv-01509 BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS THAT THE FEDERAL CLAIM BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIM<br><br>(ECF No. 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff DeLon Baptiste Ward ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 14.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

1

1  § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous
2  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
3  relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

4      A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
8  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as
9  true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
10  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

11      To survive screening, Plaintiff's claims must be facially plausible, which requires
12  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
13  for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
14  Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully
15  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
16  standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

17  **II.    Plaintiff's Allegations**

18      Plaintiff is currently housed at California State Prison, in Los Angeles, California.
19  Plaintiff alleges the events in the complaint occurred at Substance Abuse and Treatment Facility
20  ("SATF"), in Corcoran, California. Plaintiff names A. Larios, Correctional Officer at SATF, as
21  the sole defendant.

22      In claim 1, Plaintiff alleges violation of the Eighth Amendment for excessive force.

23      On 9/14/21, Plaintiff was on his way to afternoon medication at the "pill call" window.
24  While waiting for his medication, there was a physical altercation between two other inmates
25  about 30-40 feet from where Plaintiff was standing.

26      Defendant Larios was working the facility E observation tower and announced for the
27  yard to "get down." While the two combatants were still in a physical altercation, Plaintiff was
28  trying to stand clear from being shot as he was crouching down as Defendant ordered. Defendant

2

1   fired a projectile from a state issued 40mm round block gun.  The Defendant's intended target
2   was the left calf of inmate Collins.  Due to the distance of the involved combatants, Defendant did
3   not observe where the round struck or where it came to rest.
4       Plaintiff was instructed to get down at the same time Plaintiff was struck in the back of his
5   head behind his right ear.  Plaintiff stumbled and fell to the ground on one knee.  Plaintiff was
6   then escorted to facility E medical where he was evaluated for his injury.  Medical staff located
7   red swelling behind Plaintiff's right ear and issued Plaintiff an icepack and pain medication.
8       Plaintiff filed a 602 grievance, which was accepted by the office of grievances on 9/15/21.
9       On 9/20/21, at about 4:47 pm, Plaintiff was on his way back from dinner headed to his
10  assigned housing. Plaintiff fainted in front of his cell.  Plaintiff was taken to medical where he
11  was treated with two IVs.  Plaintiff told medical staff about being struck with a projectile on
12  9/14/21 and having headaches and dizziness ever since.  Medical staff determined that Plaintiff
13  might have a concussion and needed a CT scan. Plaintiff filed a CDCR form 7362 stating that the
14  pain in his head was getting worse along with intense dizziness. He was prescribed pain
15  medication on 9/27/21 and on 9/29/21 he was seen by mental health and given relaxation
16  techniques.  Plaintiff was seen by other mental health staff and indicated that his headaches were
17  getting worse.  He was transferred to California Correctional Institution in Tehachapi, California
18  and then to Mule Creek State Prison. Plaintiff filed a Government Claim form. Plaintiff received
19  his Government Claim form on 4/25/22. He now has to wear hearing aids.
20      Plaintiff alleges that Defendant Larios' pulling of the trigger, shooting Plaintiff in his
21  head, without provocation, is the cause of Plaintiff's injuries. Plaintiff alleges that "Defendant
22  fired one projectile and it struck the Plaintiff in the back of his head behind his right ear.
23  Defendant admitted in his incident report #27719 that the projectile he fired was meant to stop the
24  combatants specifically Mr. Collins.  Plaintiff was an innocent by stander about 30-40 feet away
25  from the incident."
26      Plaintiff seeks compensatory and punitive damages and declaratory relief.
27  ///
28  ///

3

**III.    Discussion**

     **A.    Eighth Amendment - Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McxcessiveMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

When prison officials stand accused of using excessive force, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied

maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Plaintiff fails to state a cognizable claim for excessive force against Defendant Larios. As in his original complaint, Plaintiff fails to state any factual allegations that plausibly allege that Defendant acted "sadistically and maliciously." Plaintiff appears to allege he was erroneously struck by an errant bullet meant to stop a fight at another location. While Plaintiff alleges he was 30-40 feet away, Plaintiff fails to allege any facts that Larios acted sadistically and maliciously for the purpose of causing harm to Plaintiff. Indeed, Plaintiff alleges that Defendant reported he had intended to strike one of the combatants. The facts suggest that any use of force against Plaintiff was unintentional and thus not deliberate to cause Plaintiff harm.

**B.     Supplemental Jurisdiction over State Law Claims**

Plaintiff may be able to allege a state law negligence claim or other state law claim against Defendant Larios. "Before a person can sue a public entity or public employee for money damages … he or she must first file a government claim pursuant to the [California Government Claims Act], codified at California Government Code section 810 *et seq*. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Briggs v. Lawrence*, 230 Cal.App.3d 605, 613, 281 Cal.Rptr. 578 (1991); Cal. Gov't.Code §§ 950.2, 950.6. The government claim must be filed or presented to the public entity no later than six months after the cause of action accrues. California Government Code § 911.2. A plaintiff 'must allege facts demonstrating or excusing compliance with the claim presentation requirement.' *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1243, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004)." *Robinson v. Alameda Cty.,* 875 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012). Plaintiff, here, alleges he filed a government claim, and "on April 25, 2022, Government Claim was received." (Doc. 14, p.6.) Liberally construing the allegation, Plaintiff has complied with the California Government Claim Act.

However, a state law claim cannot proceed in this action. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court

"shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Here, Plaintiff's amended complaint fails to state any cognizable federal claims. It will therefore be recommended that the Court decline to exercise jurisdiction over Plaintiff's state law claim.

### C. Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Order

As discussed above, the Court finds Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

///

6

For the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's federal claim be dismissed with prejudice based on Plaintiff's failure to state a cognizable claim upon which relief may be granted; and

2. The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 5, 2024**               /s/ Barbara A. McAuliffe          _
                                               UNITED STATES MAGISTRATE JUDGE